APRIL 27, 1803.

# Edward Flowers v. Sarah Fletcher.

1kd255
a102 206

*Upon a writ of error to reverse a judgment of the Court of Quarter Sessions of Garrard county.*

1. Unless it appear by the return of the sheriff that a forthcoming bond taken by him has been forfeited, no action can be maintained thereon.

2. After the execution of a forthcoming bond to a sheriff, the judgment and execution were superseded by the defendant—*Held:* That the supersedeas rendered a delivery of the property to the sheriff in compliance with the condition of the bond unnecessary.

It does not appear from the officer's return, nor otherwise in the record, that the forthcoming bond had been forfeited; on the contrary, it appears from the return made on the execution, that further proceedings had been stayed by a supersedeas. In the case where an execution has been levied, or even the money made, but

15

not paid to the plaintiff, if the defendant obtains an injunction, the property is to be restored or the money returned to the defendant by the sheriff. If, in this case, the sheriff had retained the property on which he had levied the execution instead of taking a bond for its security for its forthcoming at the day of sale, it is presumed that he should have restored it to the defendant when he produced the supersedeas. Again, if the property had been delivered to the sheriff on the day of sale, agreeably to the condition of the bond, he had no authority to sell or retain it, and therefore it was unnecessary to deliver it. Wherefore, it is adjudged and ordered, that the said forthcoming bond, and the execution issued thereon, be quashed with costs; the plaintiff in the inferior court is to be at liberty to sue out an execution on his original judgment, which is ordered to be certified to the circuit court of Garrard county.